**Affirmed as Modified and Opinion Filed September 25, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-14-00556-CR

### JASON ALLEN SKINNER, Appellant

### V.

### THE STATE OF TEXAS, Appellee

---

### On Appeal from the 194th Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F12-00955-M

---

## MEMORANDUM OPINION

Before Chief Justice Wright and Justices Myers and Brown
Opinion by Chief Justice Wright

A jury convicted Jason Allen Skinner of aggravated sexual assault of a child younger than fourteen years. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B) (West Supp. 2014). The trial court assessed punishment at twelve years' imprisonment. On appeal, appellant's attorney filed a brief in which she concludes the appeal is wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to appellant. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Appellant filed a pro se response raising several issues  After reviewing counsel's brief, appellant's pro se response, and the record, we agree the appeal is frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases).  We find nothing in the record that might arguably support the appeal.

Although not an arguable issue, we note the trial court's judgment contains an error. Appellant was convicted of aggravated sexual assault of a child, an offense that is subject to the sex offender registration requirements of Chapter 62.  *See* TEX. CODE CRIM. PROC. ANN. art. 62.001(5)(A) (West Supp. 2014).  The judgment erroneously states the age of the victim at the time of the offense is "N/A."[1]  We modify the judgment to show that sex offender registration requirements apply and the victim's age was ten years. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

As modified, we affirm the trial court's judgment. We order the trial court to issue an amended judgment that reflects this change and to include the language required by the Texas sex offender registration statutes.

Do Not Publish
TEX. R. APP. P. 47
140556F.U05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE

---

[1] During the trial, the complainant testified she was sixteen years of age, but she was ten years of age at the time of the offense.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JASON ALLEN SKINNER, Appellant

No. 05-14-00556-CR　　V.

THE STATE OF TEXAS, Appellee

Appeal from the 194th Judicial District Court of Dallas County, Texas (Tr.Ct.No. F12-00955-M).
Opinion delivered by Chief Justice Wright, Justices Myers and Brown participating.

Based on the Court's opinion of this date, the trial court's judgment is **MODIFIED** to show that Sex Offender Registration Requirements do apply to the defendant and that the age of the victim at the time of the offense was ten years.

As modified, we **AFFIRM** the trial court's judgment.

We **ORDER** the trial court to issue an amended judgment that reflects the above changes and to include any other language required by the Texas sex offender registration.

Judgment entered September 25, 2015.